## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VANCE FERTENBAUGH,** | : | **CIVIL ACTION NO. 1:14-CV-508** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **DILLSBURG ET AL. EMPLOYEE** | : | |
| **PROFIT SHARING PLAN,** | : | |
| | : | |
| **Defendant** | : | |

## <u>ORDER</u>

AND NOW, this 19th day of November, 2014, upon consideration of the motion (Doc. 10) for entry of default judgment and for attorneys' fees, filed on August 22, 2014 by plaintiff Vance Fertenbaugh ("Fertenbaugh"), wherein Fertenbaugh requests that the court enter default judgment pursuant to Federal Rule of Civil Procedure 55, see FED. R. CIV. P. 55(b)(2) (permitting parties to apply to the court for a default judgment when a party has failed to plead or otherwise defend an action), and that the court direct defendant Dillsburg et al. Employee Profit Sharing Plan ("Dillsburg") to pay attorneys' fees in the amount of $3,818.50 and filing costs in the amount of $400.00, and further upon consideration of the motion (Doc. 15) to set aside default and for extension of time to file an answer, filed on September 12, 2014 by Dillsburg, wherein Dillsburg requests that the court set aside the default (Doc. 9) entered by Clerk of Court on August 21, 2014, and that the court grant Dillsburg an extension of ten days to file an answer to the complaint (Doc. 1), and it appearing that entry of default judgment is disfavored by the Third

Circuit, see Culver v. U.S. Dep't of Labor, 248 Fed. App'x 403, 408 (3d Cir. 2007)

(citing Harad v. Aetna Cas. and Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988)), and that

the court may grant a defendant additional time in which to plead or otherwise

defend an action, see Chocallo v. IRS Dep't of Treasury, 145 Fed. App'x 746, 747 (3d

Cir. 2005) (quoting Orange Theatre Corp. v. Rayherstz Amusement Corp., 139 F.2d

871, 872 (3d Cir. 1944) ("A District Court has 'ample power, in its discretion, to

extend the time for serving a motion or answer.' "), and the court noting that three

factors must be considered in order to evaluate the consequences of a defendant's

failure to timely defend: (1) the potential prejudice to the plaintiff; (2) whether the

defendant has a meritorious defense; and (3) whether the defendant's conduct was

culpable, see Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000); Accu-

Weather, Inc. v. Reuters Ltd., 779 F. Supp. 801, 802 (M.D. Pa. 1991), and the court

concluding that Fertenbaugh will suffer no material prejudice if the period within

which Dillsburg may plead or otherwise defend is extended because the instant

matter remains in the preliminary stages of litigation, see Griffin v. Lockett, No.

1:CV-08-01120, 2009 WL 179780, at *2 (M.D. Pa. Jan. 26, 2009) ("The mere fact . . .

that vacating an entry of default may require the plaintiff to establish the merits of

his or her claim[] does not constitute prejudice, even though such a requirement

may suggest impairment in common parlance." (citing Accu-Weather, 779 F. Supp.

at 802)), and that Dillsburg has stated a meritorious defense to Fertenbaugh's claim

in its proposed answer (Doc. 15 Ex. 5); see Accu-Weather, 779 F. Supp. at 803

(holding that a defendant is merely required to set forth a defense that "has merit

on its face" (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1981)), and

the court further concluding that Dillsburg's delay was not due to culpable conduct because there is no evidence that it acted willfully or in bad faith, see Hritz v. Woma Corp., 732 F.2d 1178, 1183 (3d Cir. 1984) ("Appropriate application of the culpable conduct standard requires that as a threshold matter more than mere negligence be demonstrated."); Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 124 (3d Cir. 1983) (stating that the record must support an "inference of willfulness or bad faith conduct"); see, e.g., Griffin, 2009 WL 179780, at *2 (holding that bad faith shall not be inferred from an administrative lapse); Dizzley v. Friends Rehab. Program, Inc., 202 F.R.D. 146, 148 (E.D. Pa. 2001) ("[E]vidence of dilatory intent must appear independently in the record."); Accu-Weather, 779 F. Supp. at 804 (excusing a "mere[] . . . oversight on the part of counsel"), and the court finding that Dillsburg's counsel has engaged in the litigation process with "reasonable promptness" by entering a notice of appearance (Doc. 7) immediately upon learning of Dillsburg's pending default; by opposing (Doc. 14) Fertenbaugh's motion for entry of default judgment and for attorneys' fees; and by filing the instant motion to set aside entry of default and for extension of time to file an answer, see Jackson v. Del. Cnty., 211 F.R.D. 282, 284 (E.D. Pa. 2002) ("The party seeking to set aside the entry of default must act with reasonable promptness."), it is hereby ORDERED that:

1.  The motion (Doc. 10) for entry of default judgment and for attorneys' fees is DENIED without prejudice.

2.  The motion (Doc. 15) to set aside default and for extension of time to file an answer is GRANTED.

3.  The period within which Dillsburg may respond to the complaint is EXTENDED until the close of business on December 1, 2014.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania